UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| IN RE: DARRYL LAMAR ALLEN, | ) | |
| | ) | |
| Debtor, | ) | |
| | ) | |
| | ) | |
| BEVERLY HOLMES-DILTZ, | ) | U.S. District Court |
| | ) | No. 4:18CV210 RLW |
| Appellant, | ) | |
| | ) | |
| v. | ) | |
| | ) | Bankruptcy Case No. 15-45264-705 |
| DAVID A. SOSNE, et al., | ) | |
| | ) | Adversary Case No. 16-04153-659 |
| Appellee(s). | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on Appellant Beverly Holmes-Diltz's Notice of Appeal and Statement of Election and brief in support (ECF Nos. 1, 7), appealing from an Order entered in an underlying bankruptcy adversary proceeding which denied her motion for a jury trial. (Adv. No. 16-04153-659, ECF Nos. 105, 110) Appellees have filed a brief in opposition, and Appellant Beverly Holmes-Diltz ("Holmes-Diltz") has filed a reply brief. Also pending are Appellees' Motion to Dismiss for Lack of Jurisdiction and Appellant's Motion for Stay Pending Appeal. (ECF Nos. 3, 6) Appellant Holmes-Diltz filed a response to the motion to dismiss, asserting that the Court has jurisdiction under the All Writs Statute, 28 U.S.C. § 1651(a). Upon review of the pending motions, the Court will dismiss the appeal for lack of jurisdiction.

### I. Procedural Background

Plaintiff-Appellee Darryl Lamar Allen ("Debtor"), the debtor in the underlying bankruptcy action, filed for relief under Chapter 7 of the United States Bankruptcy Code on July 15, 2015. Plaintiff-Appellee David A. Sosne ("Trustee") is the duly appointed Chapter 7

Trustee. On November 1, 2016, Appellees filed an Adversary Complaint against Appellant Holmes-Diltz, and Defendants Critique Services LLC and Renee Mayweather seeking damages related to Defendants' representation of the Debtor in the preparation and filing of his bankruptcy petition. On August 4, 2017, Appellant Holmes-Diltz filed a Motion for Withdrawal of Reference and made a demand for a jury trial, which motion was transferred to the United States District Court for the Eastern District of Missouri, Case No. 4:17CV2216 RLW. On October 23, 2017, the Court denied Appellant's motion. Appellant did not appeal that Order.

In the adversary proceeding, Appellant filed a Motion for Ruling under Rule 7016(B)(2) that the Court Cannot Enter a Final Order or Judgment in this Case on November 14, 2017. On November 20, 2017, Appellant filed a Motion for Continuance of Trial and Scheduling a Jury Trial, again seeking a trial by jury. On January 9, 2018, the Bankruptcy Court issued Orders denying said motions. (Adv. No. 16-04153-659, ECF Nos. 105, 111) On January 19, 2018, Appellant Holmes-Diltz filed a Notice of Appeal and Statement of Election, along with a Motion to Stay Pending Appeal. The Bankruptcy Court transferred the appeal to the U.S. District Court and denied the motion to stay. A hearing was held on the adversary bankruptcy case on March 27, 2018 and taken under submission. No final order has been issued.

## II. Discussion

In her appeal, Appellant Holmes-Diltz argues that the Bankruptcy Court erred in denying her constitutional right to a jury trial. Appellant also argues that this Court erroneously denied her prior motion to withdraw the reference and seeks reversal of that Order. In both their Motion to Dismiss and their Brief, Appellees assert that the Court lacks jurisdiction over Holmes-Diltz's appeal because Appellant is not appealing a final order of the Bankruptcy Court, and she failed

to seek leave to appeal an interlocutory order as required by 28 U.S.C. § 158(a)(3) and Rule 8004(a)(2) of the Federal Rules of Bankruptcy Procedure.

Under 28 U.S.C. § 158, "[t]he district courts of the United States shall have jurisdiction to hear appeals from final judgments, orders, and decrees . . . and with leave of the court, from other interlocutory orders and decrees." 28 U.S.C. § 158(a)(1) & (3). An order denying a motion for a jury trial is an interlocutory order, requiring an appellant to file a motion for leave to appeal the bankruptcy order under § 158(a)(3). *In re Popkin & Stern*, 105 F.3d 1248, 1249 (8th Cir. 1997).

Here, Holmes-Diltz failed to file a motion for leave to appeal an interlocutory order, and the Court lacks jurisdiction to hear the appeal. *See* Fed. R. Bankr. P. 8004(a)(2) ("To appeal from an interlocutory order or decree of a bankruptcy court under 28 U.S.C. § 158(a)(3), a party must file with the bankruptcy clerk a notice of appeal as prescribed by Rule 8003(a). The notice must . . . be accompanied by a motion for leave to appeal prepared in accordance with subdivision (b)."); *Estate of Storm v. Nw. Iowa Hosp. Corp.*, 548 F.3d 686, 688 (8th Cir. 2008) (stating that an appellant's failure to file a motion for leave to appeal an interlocutory order in is a jurisdictional defect).

In addition, the Court notes that a trial was held in this matter on March 27, 2018 such that Appellant's appeal of the order denying a jury trial is now moot. "A district court does not have jurisdiction over an appeal from an interlocutory bankruptcy court order where the reviewing court is incapable of providing meaningful relief." *In re Reed*, No. 4:16-CV-01141-AGF, 2017 WL 3838621, at *6 (E.D. Mo. Sept. 1, 2017).

Finally, with respect to Appellant's request for a writ of mandamus, the Court notes that writs of mandamus are abolished under Rule 81 of the Federal Rules of Civil Procedure. A writ

3

of mandamus may not be used as a substitute for an appeal, and the Court lacks jurisdiction over Appellant Holmes-Diltz's appeal. *City of Shorewood v. Johnson*, 500 F. App'x 556, 557 (8th Cir. 2013). Thus, the Court will grant Appellees' motion to dismiss and deny the pending motions as moot.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff-Appellees' Motion to Dismiss for Lack of Jurisdiction (ECF No. 3) is **GRANTED.**

**IT IS FURTHER ORDERED** that Appellant's Notice of Appeal and Statement of Election (ECF No. 1) and Motion for Stay Pending Appeal (ECF No. 6) are **DENIED** as **MOOT.** A separate Order of Dismissal will accompany this Memorandum and Order.

Dated this 9th day of August, 2018.

*[signature]*
**RONNIE L. WHITE**
**UNITED STATES DISTRICT JUDGE**